BRANICK CONSTRUCTION COMPANY, INC., Respondent,

Charles V. Scola and Linda Scola and W. R. McKee Lumber Company, Inc., Respondents,

v.

Jack TAYLOR and Frances E. Taylor, Appellants.

No. KCD 29812.

Missouri Court of Appeals, Western District.

July 31, 1979.

Michael J. Drape, Kansas City, for appellants.

Robert B. Best, Jr., Roy C. Bash, Kansas City (Watson, Ess, Marshall & Enggas, Kansas City, of counsel), for respondent W. R. McKee Lumber Company, Inc.

John K. Weilert, Law Office of J. D. Williamson, Jr. Independence, for respondent Branick Construction Co., Inc.

Before DIXON, P. J., and TURNAGE and KENNEDY, JJ.

DIXON, Presiding Judge.

The Taylors, who were the record owners of real estate, appeal from a judgment asserting a special lien on their property in favor of lien claimants, Branick Construction Company, Inc., and W. R. McKee Lumber Co., Inc.

Taylors assert the liens must fail because the Branick lien statement is insufficient and, as to McKee, the lien suit failed to include Don Branick individually as a party.

The facts may be briefly stated. Jack Taylor and Frances E. Taylor were owners of a building at 501 Wyandotte. Linda and Charles Scola were tenants of the Taylors. Scolas were parties to the litigation but have not appealed the judgment rendered against them. Don Branick, for Branick Construction Company, Inc., entered into a written agreement with Scolas to do certain work in connection with the remodelling of the premises to accommodate a restaurant. Scolas were apparently acting as the general contractor since a great deal of other work besides that of Branick's was undertaken. Branick entered into the agreement to provide supervision and lumber. The agreed price for supervision was $400 per week plus 10 percent of the total cost. "Total cost" was apparently a total of all of the various subcontracts and expenditures on the job.

In order to place the appeal in a posture for decision, some extended reference to the pleadings and the procedure in the trial court becomes necessary. W. R. McKee Lumber Company, Inc., filed its mechanic's lien (properly itemized), complied with all statutory requirements as to notice, and filed suit in the Magistrate Court for the 5th District of Jackson County. Branick Construction Company, Inc., filed its mechanic's lien based on the contract and then filed an equitable action to enforce the lien in the Circuit Court of Jackson County. Pursuant to Rule 101.14, McKee then pleaded its prior mechanic's lien suit as a counterclaim and cross claim asserting its right to a special lien under the statute. Scolas were entirely in default, filing no pleadings. Taylors filed a joint and separate answer to

the Branick Construction Company petition. The answer admitted the formal portions of the petition and asserted a lack of belief to admit or deny the substantive portions of the petition. The answer contained a stock assertion that the petition failed to state a cause of action. No pleadings were filed responsive to the McKee cross claim.

At the close of the evidence, Taylors orally moved to dismiss as to Branick on the ground that the statement of the account was defective.

The trial court entered a judgment against Scolas and in favor of Branick Construction Company, Inc., for $10,668.91, which represented the claim plus interest. A judgment was entered against Branick Construction Company, Inc., and in favor of W. R. McKee Lumber Company, Inc., for $3,618.32, the amount of the claimed bill for lumber plus interest. Both judgments were declared to be special liens against the Taylors' real estate, where the improvements were made.

Taylors argue that the statement filed by Branick Construction Company, Inc., was defective to enforce the lien against Taylors' property because it was not an "original" contract and, therefore, could not be a lien on the land. Cited are cases holding that subcontractors' lien statements, not sufficiently itemized, are insufficient.

Taylors misconceive the thrust of the pleadings and evidence by Branick. Branick's theory and proof was that the Scolas were the parties to an original contract with Branick and that the improvements were made to the real estate with the knowledge and consent of Taylors—in fact, with their active participation. The Branick Construction Company, Inc., was thus seeking to bring its cause of action against Taylors within the doctrine of *Newport v. Hedges*, 358 S.W.2d 441 (Mo.App.1962), and *Utley v. Wear*, 333 S.W.2d 787 (Mo.App. 1960). Those cases announce a doctrine of mechanic's lien law that permits the imposition of the lien on the owner's property, even though the tenant or lessee is the party with whom the contractor has dealt. The theory has been variously described as one of agency or estoppel and the cases are fully discussed in Note, *Rights of a Mechanics' Lienor in Missouri When the Improvements are Contracted for by the Lessee or Licensee of the Land*, 1952 Wash.U.L.Q. 453.

As stated in *Newport, supra*, the liability of the owner's property for a lien on account for improvements placed thereon by the tenants usually arises out of an "agency" implied in law. *Utley, supra*, points out that the agency is found when the lease requires the tenant to make substantial improvements and is also found when the premises are let for a specific use and purpose and the purpose cannot be accomplished except by the making of the improvements. In determining the question of whether an implied agency exists in a given case, the courts have been required to consider the whole circumstances of the letting. In the instant case, the Taylors offered no evidence and all the evidence was from Don Branick, the president of the Branick Construction Company. It is clear from his evidence that the premises were being remodelled for restaurant purposes which involved the gutting of the interior of the building, the relaying of new floors of light weight concrete, installation of partitions and restaurant equipment and fixtures. Mr. Taylor was in the restaurant fixture business to the extent that he sold booths for such installations. Both the Taylors were present on the construction site and actually supervised the installation of some of the items after the construction work had progressed to the point of installation of fixtures. They were likewise present during the extensive remodelling and made what amounted to superintending directions to the workmen as to the work to be accomplished. In those circumstances and upon the authority of *Newport v. Hedges, supra*, and *Utley v. Wear, supra*, there was sufficient evidence to imply an agency on the part of Scolas which would result in the lien applying to the ownership interest in the property. It is beyond question that Branick Construction Company statement addressed to the Scolas was suf-

ficient as between the original parties to the contract. *Vasquez v. Village Center, Inc.*, 362 S.W.2d 588, 593 (Mo.1962).

 The only issue raised by Taylors with respect to the special lien in favor of McKee is that the statement of account attached to the McKee mechanic's lien statement contained the name of Don Branick instead of the Branick Construction Company, Inc., and that Don Branick individually should have been a party. All the evidence in the case was to the effect that Branick Construction Company, Inc., was the purchaser of the materials. Whatever merit that contention might have in a case in which it was properly preserved and raised, it is not a viable issue in this case. Although the Taylors appeared and participated by way of cross examination in the trial of this case, they were in total default—insofar as pleading was concerned—to the McKee cross claim. Taylors presented no evidence contrary to the assertions of McKee's pleadings which were supported factually by the testimony of Don Branick. The Taylors have failed to preserve for appellate review the claimed error in the mechanic's lien statement of W. R. McKee Lumber Company, Inc., the claimed error having been mentioned or raised in any fashion for the first time in the appellant's brief in this court. *Bunting v. McDonnell Aircraft Corporation*, 522 S.W.2d 161 (Mo. banc 1975); *South Side Plumbing Co. v. Tigges*, 525 S.W.2d 583 (Mo.App.1975).

The instant case is no model of pleading and practice in mechanic's lien cases. Had proper pleadings focused the issues and preserved them for review, questions which are implicit in the case might have required decision. This court, however, must decide the case on the record and issues presented. The judgment of the trial court is affirmed.

All concur.